IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE WILLIAMS          *

Plaintiff                *

v                        *          Civil Action No. RDB-10-2251

DR. RODRIGUEZ            *

Defendant                *

***

## MEMORANDUM OPINION

The self-represented Plaintiff, Tyrone Williams ("Williams"), has filed his Complaint pursuant to 42 U.S.C. §1983. Defendant, Dr. Luis Rivera[1] ("Rivera"), by his attorney moves to dismiss or, in the alternative for summary judgment (ECF No. 13). After review of the pleadings, exhibits, and applicable law, the Court determines that a hearing is unwarranted. Local Rule 105.6 (D. Md. 2010). For the reasons that follow, the motion, construed as a Motion for Summary Judgment (ECF No. 13) will be GRANTED and judgment will be ENTERED in favor of Rivera.

### Background

Williams alleges that while detained at the Anne Arundel County Detention Center his left leg was injured during a basketball game. (ECF No. 1 at p. 2). Williams was taken to the medical department where he was informed by the nurse that he had a sprained ankle. Despite Williams's protest that something was wrong with his Achilles tendon, he was sent back to his assigned cell where he was given a bag of ice. Id. Although Williams was told to keep his leg elevated, he was not provided anything with which to elevate it. Id.

---

[1] Dr. Rivera is incorrectly referenced as Dr. Rodriguez in the Complaint. See ECF No. 13. The Clerk will be directed to correct the docket.

Williams continued to complain about the pain through sick call slips filed with medical staff and was seen by Rivera who told Williams his injury was sprained ankle. Williams asked for an x-ray or an MRI, but his request was denied. Williams states he received surgery on his Achilles tendon, but does not state when or where the surgery was performed. He complains that the caste put on his leg after surgery had no padding in it, making his injuries worse. Williams alleges he cannot run or walk fast as a result of the damage done to his tendon. *Id.* at p. 3.

Rivera states that Williams was injured on June 13, 2008 when another inmate kicked the back of his left leg. (ECF No. 13 at Ex. A, p. 3). The nurse who examined Williams noted that his ankle was swollen and tender to the touch, but there was no deformity and the pulses in his foot were present. Based on those observations, she gave Williams ice to put on his ankle to reduce swelling and Motrin to treat the pain. Williams was also advised to restrict his activity; educated on the use of an Ace bandage to wrap his ankle; and told to return to the medical unit if the swelling, pain, or his gait became worse. *Id.*; *see also* Ex. B at p. 1.

On July 12, 2008, Rivera examined Williams's ankle and noted he walked with a slight limp, complaining of soreness on the side of his ankle near his heel. *Id.* Rivera's assessment was that the Achilles tendon was sore, but intact and that Williams's discomfort was due to walking on the injured ankle. *Id.* On July 23, 2008, it was determined that Williams had a torn Achilles tendon, but had full range of motion, good pulses and strength in the left foot. On August 6, 2008, Williams was transferred to the Maryland Reception, Diagnostic, and Classification Center (MRDCC), and subsequently to Eastern Correctional Institution (ECI). *Id.*; *see also* Ex. B. at p. 5. After Williams was transferred Rivera was no longer responsible for his medical care. *Id.*

In his opposition Williams simply asserts that Rivera has admitted his negligence,

entitling him to judgment in his favor. (ECF No. 17).

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). "The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S.294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839- 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virgiinia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995)

*quoting Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); *citing Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

"[A]ny negligence or malpractice on the part of . . . doctors in missing [a] diagnosis does not, by itself, support an inference of deliberate indifference." *Johnson v. Quinones* 145 F. 3d 164, 166 (4th Cir. 1998). Without evidence that a doctor linked presence of symptoms with a diagnosis of a serious medical condition, the subjective knowledge required for Eighth Amendment liability is not present. *Id.* at 169 (Actions inconsistent with an effort to hide a serious medical condition, refutes presence of doctor's subjective knowledge). Rivera's failure to diagnose Williams's injury as a torn Achilles tendon was not deliberate indifference to a serious medical need.[2] Williams was provided with care to address the pain and swelling caused by his injury, which was subsequently repaired surgically. To the extent the Complaint alleges mistreatment after Williams received surgery, Rivera was no longer responsible for Wiliiams's medical treatment at the time.

Rivera's treatment of Williams's injury was constitutionally adequate and he is entitled to summary judgment in his favor. A separate Order follows.

APRIL 20, 2011
Date

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[2] The Court declines to decide if the failure to diagnose the torn Achilles tendon was negligent.

5